Mead and others vs. Matson and others

MEAD AND OTHERS VS. MATSON AND OTHERS.

9 772
97 602

This was a petition and motion to set aside a sale of land made by a sheriff. The motion being overruled, and the bill of exceptions not showing that any evidence was offered before the circuit court, the judgment of that court is presumed to be correct.

ERROR to Livingston Circuit Court.

TODD & ANGNEY, for Plaintiffs.

1. The sale was made under an irregular process, because it did not follow the judgment by setting forth fully the names of the defendants therein; Bingham on Executions, p. 178-186; 6 Term. Rep,p. 525, Tidd P. 998.

An irregular *fi. fa.* is void, and of course all acts done under it; 1 Cow. R. p. 711; 3 Marshall Rep. 618.

2. The sale was void, because the whole tract was sold in a mass, and also because more was unnecessarily sold than sufficient to make the money commanded by the writ; and by such sale much more money in fact was made than commanded by the writ; Revised Code, p. 257, § 26; 7 Mo. Rep. p. 346; Morehead & Mason's Digest of Kentucky Statutes, 1834, p. 625; 2 Bibb. Rep. 401; 3 Marshall Rep. 618; 6 Monroe Rep. p. 27; 2 J. J. Marshall's Rep. p. 36 and p. 68; also 4 Cranch. Rep. 403; 6 J. Ch. Rep. 411; 18 J. R. p. 355; 8 John. Rep. 333; 6 Wendell, 524; 3 Dana, 235; 1 Binney, 61, semi-annual for January Term, 1844, p. 460.

3. This proceeding to set the sale aside was not made too late; 1 Bibb, p. 155; 2 Bibb, 401. There have been no *laches,* nor is the situation of the parties changed; and in case of irregularities the general rule is, that a party is in time to take advantage of it, if he apply at the first opportunity thereafter, which in this case was the April term, at which the plaintiffs in error did apply.

STRINGFELLOW, for Defendants.

It is insisted for defendant in error:

1. That the petition itself is defective in not showing whether a deed had been made to the purchaser, (Matson.) If a deed had been made, it is insisted that upon a mere motion the deed could not be cancelled The party must resort to equity.

2. That petitioners having offered no evidence to sustain their petition, the circuit court properly overruled their motion.

3. It is insisted, that there should have been, not only the execution, but evidence to show that the land was susceptible of division, and if divided could have been sold for more than sufficient to satisfy the execution.

4. There being no evidence before the court, either of the amount of the execution, the manner of sale, or the value of the land, the court could not take the petition as evidence of these matters, and hence should have overruled the motion.

5. It is submitted that a motion to set aside a sale under execution, cannot be made after the return term of the execution; at all events, not after deed made and the term passed, as for aught that appears in this petition, was the case in this instance.

NAPTON, J., delivered the opinion of the court.

On the 19th day of April, 1843, Edward Mead, George Mead and others, filed their petition in the circuit court of Livingston county, to set aside a sale made by the sheriff said county.

The petition set forth the following facts : that in August, 1840, Roderick Matson recovered against the petitioners the sum of seven dollars costs, in a certain cause which had been instituted by petitioners against said Matson, in the said circuit court of Livingston; that on the 16th Sept. 1842, an execution issued on the same ; that by virtue of said execution the sheriff of Livingston county, on the 16th Nov. 1842, levied on the N. W. qr. of sec. No. 20, T. 57, R. 24, situate in said county of Livingston; and on the 15th Dec. 1842, said sheriff sold the whole of said quarter section in one entire parcel, without dividing the same, or offering to sell the same in parcels; and that one Charles Matson became the purchaser at the sum of twenty-five dollars, as appears by the execution, levy, return, &c.

The petitioners state that they were the owners of said quarter section of land at the time of this sale : that it was susceptible of division : that a much less quantity than was sold, would have satisfied the execution : that the larger portion of said land was, and now is, in the town of Utica, and had been surveyed and laid off into town lots : that the said land was susceptible of other divisions, to to-wit: into tracts of eighty or forty acres, &c., either of which would have brought the amount required to be made, &c.: that said petitioners, nor either of them, had any notice of said sale : that they have not assented to the sale : that this is the first opportunity they have had of applying to set it aside, and they tender the amount of purchase money, &c.

This petition was accompanied by a notice to Roderick Matson and Charles Matson, and Jasper N. Bell, that a motion to set aside said sale would be made; and an affidavit of said Mead and others, the petitioners, which stated in substance, that they are citizens of St. Louis, and had no notice of the sale, &c., and did not direct the sheriff to sell the whole tract, and other matters substantially the same contained in the petition.

The motion was overruled, and exceptions were taken, and the cause is brought here by writ error.

The judgment of the circuit court must be affirmed. Whatever merits there may be in the case, it is plain that there is nothing preserved by the record, from which this court can see whether the circuit court erred or not. No evidence whatever is preserved by the bill of exceptions. It does not appear. whether the sheriff had executed a deed for this land or not; nor, indeed, can we conjecture upon what grounds the cicruit court acted. We must presume that court decided correctly until the contrary appears.

Judgment affirmed.